IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE      *    MDL Docket No. 2004
                                    4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS  *
                                    Case No.
LIABILITY LITIGATION           *    4:13-cv-282 (B. HOFFMAN)
_____

O R D E R

     Defendant Mentor Worldwide LLC developed a suburethral sling
product called ObTape Transobturator Tape, which was used to
treat women with stress urinary incontinence.  Plaintiff Bonny
Hoffman was implanted with ObTape and asserts that she suffered
injuries caused by ObTape.  Mrs. Hoffman brought this product
liability action against Mentor, contending that ObTape had
design and/or manufacturing defects that proximately caused her
injuries.  Mrs. Hoffman also asserts that Mentor did not
adequately warn her physicians about the risks associated with
ObTape.  Mr. Hoffman brought a loss of consortium claim against
Mentor.  Mentor contends that Plaintiffs' claims are barred by
the applicable statutes of limitations.  For the reasons set
forth below, the Court agrees, and Mentor's Motion for Summary
Judgment (ECF No. 31 in 4:13-cv-282) is granted.

SUMMARY JUDGMENT STANDARD

     Summary judgment may be granted only "if the movant shows
that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

### FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiffs, the record reveals the following.   Plaintiffs are Pennsylvania residents, and all medical treatment relevant to this action occurred in Pennsylvania.   On August 10, 2004, Dr. Deborah Poplawsky implanted Mrs. Hoffman with ObTape to treat her stress urinary incontinence.

In May 2007, Mrs. Hoffman returned to Dr. Poplawsky complaining of dyspareunia, discharge, and odor.   Dr. Poplawsky found an erosion of the ObTape and removed portions of the eroded ObTape.   According to Mrs. Hoffman, Dr. Poplawsky told Mrs. Hoffman that she had an "allergic reaction" to the ObTape. Hoffman Dep. 90:18-25, ECF No. 36-3.   Dr. Poplawsky also told Mrs. Hoffman that she found what was causing the problems and

2

removed it.   *Id.* at 94:1-12, ECF No. 36-3.   Mrs. Hoffman's discharge, odor, and dyspareunia initially resolved following the excision procedure.

Mrs. Hoffman saw Dr. Mitesh Parekh for follow-up care in July 2007.   They discussed the erosion that happened in May 2007, and Dr. Parekh told Mrs. Hoffman that he did not see evidence of any additional erosion.   Hoffman Dep. 101:6-15, ECF No. 31-4. Mrs. Hoffman told Dr. Parekh that Dr. Poplawsky had told her she was allergic to ObTape, but Dr. Parekh told Mrs. Hoffman, "No. Other people had [trouble with ObTape]."   *Id.* at 101:13-102:3, ECF No. 31-4.   He also told her that she was "not the only one" with complications.   *Id.*   Mrs. Hoffman continued seeking medical treatment for stress urinary incontinence from Dr. Parekh, but she did not point to any evidence that she sought further information about her ObTape complications after speaking with Dr. Parekh.

Plaintiffs filed their Complaint on July 12, 2013.   *See generally* Compl., ECF No. 1 in 4:13-cv-282.   Mrs. Hoffman brought claims for personal injury under the following theories: negligence, strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, breach of warranty, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.   Mr. Hoffman brought a loss of consortium claim.

DISCUSSION

Plaintiffs filed their action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. Pennsylvania's choice-of-law rules thus apply. The parties agree that Pennsylvania law, including its statutes of limitation, apply to Plaintiffs' claims because Plaintiffs are Pennsylvania residents and all medical treatment relevant to this action occurred in Pennsylvania.

The parties agree that Mrs. Hoffman's warranty claims are subject to a four-year statute of limitations. *See Williams v. West Penn Power Co.*, 467 A.2d 811, 814 (Pa. 1983) (finding that personal injury claims under warranty theory are subject to four-year statute of limitations). Mrs. Hoffman does not dispute that her warranty claims are time-barred because the statute of limitations for those claims began to run when she was implanted with ObTape in 2004 and she did not bring her action until nearly nine years later. *See Dreischalick v. Dalkon Shield Claimants Trust*, 845 F. Supp. 310, 317 (W.D. Pa. 1994) (finding that statute of limitations for warranty claims begins to run on date of product delivery). Mentor is thus entitled to summary judgment on Mrs. Hoffman's warranty claims.

The parties also agree that Plaintiffs' non-warranty claims are subject to a two-year statute of limitations. 42 Pa. C.S.A. § 5524(2). Plaintiffs argue that their claims did not accrue until Mrs. Hoffman saw a television advertisement regarding mesh sling complications in 2012. Mentor contends that Plaintiffs' claims accrued in 2007 when Mrs. Hoffman experienced complications that she knew were caused by ObTape.

Pennsylvania applies a discovery rule "to toll the statute of limitations until the plaintiff discovers, or reasonably should discover, that she has been injured and that her injury has been caused by another party's conduct." *Wilson v. El-Daief*, 964 A.2d 354, 361-62 (Pa. 2009). Under this rule, a plaintiff must make a reasonable effort to discover the cause of her injury. *Cochran v. GAF Corp.*, 666 A.2d 245, 249 (Pa. 1995). If she does not use reasonable diligence in ascertaining the cause of her injury, then the discovery rule does not toll the statute of limitations. *Id.*

For example, in *Cochran,* a shipyard worker was diagnosed with cancer, and there was evidence to support a diagnosis of asbestos-related cancer at the time of his diagnosis. *Id.* But the shipyard worker did not seek "medical help to ascertain the precise cause of his cancer" until several years later because he mistakenly believed that his cancer was caused by smoking. *Id.* at 250. The Pennsylvania Supreme Court concluded that the

shipyard worker's mistaken belief about the cause of his illness did not toll the statute of limitations; his claims were time-barred because he did not exercise reasonable diligence to discover the cause of his cancer. *Id.* Here, Mrs. Hoffman knew that ObTape caused her adverse symptoms in 2007. And although Mrs. Hoffman initially believed that she suffered an allergic reaction to ObTape, Dr. Parekh told her that was not the case and informed her that others had problems with ObTape. At that point, Mrs. Hoffman had a duty to take some action to determine the cause of her injuries, but there is no evidence that she did anything to investigate the matter.

Plaintiffs argue that the Court should apply the rationale of *Wilson v. El-Daief*, 964 A.2d 354, 361-62 (Pa. 2009) and *Coleman v. Wyeth Pharmaceuticals, Inc.*, 6 A.3d 502, 518-19 (Pa. Super. Ct. 2010). In both cases, there was a fact question on the plaintiff's notice and diligence. But both cases are distinguishable. In *Wilson*, the plaintiff diligently sought an explanation for her injuries; she had at least twenty medical appointments to seek a medical explanation for the pain in her arm, but her physicians were unable to pinpoint the injury and cause. *Wilson*, 964 A.2d at 360. Under those circumstances, the Pennsylvania Supreme Court concluded that there was a fact question on the plaintiff's notice and diligence. *Id.* at 365-66. And in *Coleman*, none of the plaintiff's doctors told her that

there might be a connection between the plaintiff's medication and her breast cancer; at the time, the doctors believed that the connection was inconclusive, so even if the plaintiff had made an inquiry it would not have put her on notice of a potential claim against the manufacturer of the medication. *Coleman*, 6 A.3d at 518-19.

In contrast, here, there is no question that Mrs. Hoffman knew in 2007 that her adverse symptoms were caused by ObTape. The only issue is whether she had sufficient information to suggest that her injuries may have been caused by a defect in ObTape. When Dr. Parekh told Mrs. Hoffman that she had not suffered an allergic reaction and that other patients had similar trouble with ObTape, a reasonable person in Mrs. Hoffman's circumstances would take some action to follow up on the cause of her injuries. But Mrs. Hoffman did not. Accordingly, the discovery rule does not save her claims, and Mentor is entitled to summary judgment.

CONCLUSION

As discussed above, Mentor's Motion for Summary Judgment (ECF No. 31 in 4:13-cv-282) is granted.

IT IS SO ORDERED, this 8th day of October, 2015.

_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA